IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY A. BRITT, PRO SE, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 3:07-18 |
| vs. | ) |
| UNITED STEEL WORKERS OF AMERICA, LOCAL 2367, DENNIS MARONE, | ) JUDGE GIBSON |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Defendants United Steel Workers of America, Local 2367 (hereinafter "United Steel Workers") and Dennis Marone (hereinafter "Marone"), Union President, bring a motion to dismiss or in the alternative to grant a stay or remand to state court (Document No. 8), against plaintiff Jeffrey A. Britt's (hereinafter "Britt" or "plaintiff") claim of Defendants' failure to bring a grievance on his behalf against his employer. After careful consideration, this Court will grant Defendants' motion to dismiss.

### II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff complained to Marone about being racially harassed by his coworkers, Dave Hale (hereinafter "Hale"), Bill Rigo (hereinafter "Rigo"), and Tom Peters (hereinafter "Peters") in 1996. Document No. 6 p. 1. Marone had allegedly made racial slurs towards Plaintiff as well. *Id.* The harassment escalated to the point where Plaintiff had to confront Marone and ask him to file a grievance against Plaintiff's employer, SCM Metals, Inc. (hereinafter "SCM") and his coworkers, Hale, Rigo, and Peters. *Id.* at 2. Marone allegedly stated that the Union would not be a part of any grievances filed

1

against other Union members. *Id.* Marone spoke with Union Staff Representative Ralph Lippart (hereinafter "Lippart") about Plaintiff's request. *Id.* Lippart advised him that Plaintiff could file a charge through the Union. *Id.* The Union did not resolve the racial harassment issue nor did it take action against SCM or Plaintiff's coworkers. *Id.* Plaintiff was discharged on September 5, 1996, "with good standing of resignation." *Id.* On June 7, 2000, Plaintiff signed a Release and Settlement Agreement concerning the mental anguish he claimed to have suffered from the actions of SCM, Marone, Hale, Rigo, and Peters, pursuant to Section 449 of the Workers' Compensation Act. *Id.*

On January 23, 2007, Plaintiff filed a complaint with this Court alleging that Defendants had failed to represent him in bringing a grievance against SCM and his coworkers. Defendants now file the instant motion to dismiss or in the alternative grant a stay or remand to the state court, and have also submitted a supplement to their motion to dismiss. Document No. 8, 12. Plaintiff has failed to respond.

### III. STANDARD OF REVIEW

To defeat a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a complaint need not contain "detailed factual allegations," but must possess factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, ---U.S. ----, 127 S.Ct. 1955, 1964-65, (2007) (citations omitted). For purposes of a motion to dismiss, the Court must accept the allegations of the complaint as true and construe them in the "light most favorable" to the plaintiff. *Dykes v. Se. Pennsylvania Transp. Auth.*, 68 F.3d 1564, 1566 n. 1 (3d Cir.1995) (citing *Wisniewski v. Johns Manville Corp.*, 759 F.2d 271, 273 (3d Cir.1985)). *Pro se* complaints, "however inartfully pleaded," receive "less stringent" treatment than those prepared by counsel. *Milhouse v. Carlson*, 652 F.2d 371, 373 (3d. Cir.1981) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)). Although leave to replead is "normally" granted where a complaint lacks sufficient particularity, leave

to replead is "often denied" and the complaint is dismissed with prejudice in cases of "undue delay, bad faith, dilatory motive, prejudice and futility." *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir.2002); *see also* Fed.R.Civ.P. 9(b), 15(a).

Although Fed. R Civ. P. 12(d) states that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) "shall be treated as a motion for summary judgment" if the Court considers "matters outside the pleadings," the courts have held that any "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case" may properly be regarded by the Court without converting the motion to dismiss into one for summary judgment. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)). The Court finds that all Defendants' exhibits are public documents and hence may be considered by the Court when deciding Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6).

## IV. DISCUSSION

### A. The Issue of an Abstention-based Stay is Moot.

Plaintiff alleges that defendants failed to file a grievance on his behalf for racial harassment against his employer SCM and his coworkers and that as a result he has suffered mental anguish and has had to seek mental health care. Defendants seek dismissal of the complaint and, as there was a pending decision in the Court of Common Pleas of Cambria County (hereinafter "State Court"), where Plaintiff had also filed a complaint against Defendants, had initially based their motion on the abstention doctrine. Defendants asked that the Court either dismiss or stay the instant action due to the ongoing parallel action in State Court. Defendant's Motion to Dismiss, Document No. 8, ¶ 5. Subsequent to the filing of their motion to dismiss, Defendants notified this Court of the State Court's order granting

3

Defendants' motion for summary judgment and dismissing all claims against Defendants with prejudice. Defendants' Supplement to Motion to Dismiss ("Supplement"), Document No. 12, Exhibit A. Defendants therefore amended their motion to dismiss, seeking dismissal of the instant action on the additional grounds of res judicata and collateral estoppel.

As stated above, Defendants had initially informed the Court that Plaintiff had brought a similar claim in State Court for which a decision was pending. Defendants further argued that Plaintiff should not be permitted to bring his claim before this Court but rather that the case should be dismissed, stayed or remanded to state court for final disposition. However, it is well-established that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction . . . ." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483, 498 (1976) (citations omitted); *Spring City Corp. v. Am. Bldgs., Co.*, 193 F.3d 165, 172 (3d Cir.1999); *Ryan v. Johnson*, 115 F.3d 193, 195 (3d Cir.1997). A plaintiff is therefore able to litigate the same issues in federal and state court simultaneously.

In *Colorado River*, the Supreme Court set forth factors from which a federal court could determine whether to remand or stay the proceedings before it, thereby deferring to pending state court proceedings. *Colorado River*, 424 U.S. at 817, 96 S.Ct.1236, 47 L.Ed.2d at 498; *Ryan*, 115 F.3d at 195. As an initial matter, the actions in federal court and state court must also be "parallel," meaning that both cases must involve the same claims and the same parties. *Ryan*, 115 F.3d at 196. The *Colorado River* factors themselves require determinations as follows:

> (1) which court first assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

4

*Spring City Corp.*, 193 F.3d at 171 (noting the development of these factors as established in *Colorado River*; *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), and in Third Circuit caselaw).

A federal court can engage in abstention "in deference to simultaneous state court proceedings ... only in exceptional and narrow situations." *Univ. of Md. v. Peat Marwick Main & Co.*, 923 F.2d 265, 276 (3d Cir.1991). Moreover, "[t]he general rule regarding simultaneous litigation of similar issues in both state and federal courts is that both actions may proceed *until one has come to judgment, at which point that judgment may create a res judicata or collateral estoppel effect on the other action.*" *Id.* at 275-276 (emphasis added). Indeed, *Colorado River* abstention applies only in "clear and exceptional cases, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (citing *Colorado River*, 460 U.S. at 16, 103 S.Ct. at 937).

Since Defendants' have been granted summary judgment on all counts in State Court, this Court finds that the issue of an abstention-based stay is moot. Accordingly, the Court will proceed with Defendants' argument for dismissal based on the grounds of res judicata (claim preclusion) and collateral estoppel (issue preclusion).

### B. Res judicata: Claim Preclusive Effect of State Court Dismissal.

Article IV of the Constitution contains the full faith and credit clause, which is binding only on the state courts. U.S.Const. Art. IV, § 1. However, 28 U.S.C. § 1738 provides that state court proceedings shall also be accorded full faith and credit, meaning that in proceedings where the parties are the same and the issues litigated are the same, a judgment entered in state court will be viewed as conclusive by the federal courts. *Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415-16, 66 L.Ed.2d 308, 314 (1980) (citations omitted). In other words, if the elements of res judicata are satisfied in the

5

instant matter, this Court must give the same preclusive effect to the judgment in the State Court case as would be afforded by other state courts in Pennsylvania. Once final judgment has been rendered, the parties will not be able to re-litigate the same claim. *Id.*

Res judicata, or claim preclusion, prevents successive lawsuits with the following common elements: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued. *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (Pa. 1974) (citations omitted). Res judicata applies to those claims that were actually litigated and also to those that could have been litigated during the first proceeding so long they were part of the same cause of action. *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 314 (Pa.1995) (citing *Allen*, 449 U.S. at 94, 101 S.Ct. at 414, 66 L.Ed.2d 308).

The Court notes that Plaintiff has failed to file a response to Defendants' motion and that Defendants' argument for the application of res judica, as well as collateral estoppel, is not comprehensive. Nonetheless, the Court will examine the issue as applied to the case *sub judice*. A review of the proceedings before the State Court shows that Plaintiff had a meaningful opportunity to litigate the same claim as is currently before this Court.

As an initial matter, the thing being sued for and the cause of action are identical in both the state and instant case. Plaintiff filed his complaint with the State Court on October 3, 2000, alleging that Defendants failed to file a grievance on his behalf against SCM and his coworkers for racial harassment. Defendant's Exhibit A, Document No. 9-2. Plaintiff also alleged that he was suffering from mental distress and sought the return of his union dues and fees, the reimbursement of legal costs and fees and punitive damages in excess of $100,000 or in the alternative an amount equal to three years of back pay. *Id.* On January 28, 2005, Plaintiff received a notice from the State Court that, since there

had been no activity in the case for three years, it would be terminated unless he informed the State Court of his intent to continue to litigate the action. Plaintiff complied and submitted a Statement of Intent. On April 25, 2005, Plaintiff filed a "Motion for Relief for Union to File Grievance for Arbitration." The Court dismissed the motion by order dated May 2, 2005. Subsequently, plaintiff filed an appeal with the Superior Court on May 16, 2005. Defendant's Exhibit B, the Superior Court Docket, at 2. Defendants filed a Motion to Quash Appeal with the Superior Court on August 11, 2005. *Id.*, at 4. The Superior Court granted Defendants' motion on May 11, 2006, thus quashing Plaintiff's appeal. *Id.*, at 5. Defendants filed a Motion for Summary Judgment in State Court. Defendant's Exhibit D. On June 6, 2006, plaintiff filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. Defendant's Exhibit C. The Pennsylvania Supreme Court denied Plaintiff's petition in an order dated November 8, 2006. In an order dated May 30, 2007, the State Court granted Defendants' Motion for Summary Judgment and dismissed the case. Supplement, Exhibit A.

In the instant matter, Plaintiff has essentially alleged the same claim and pursued the same cause of action. Indeed, the identical underlying events give rise to the claims that Plaintiff has brought before this Court, namely Defendants' failure to file a grievance on his behalf against the racial harassment he suffered at the hands of his employer SCM and his coworkers in 1996. Consequently, the two actions – that before the State Court and the present one before this Court – share the same allegedly wrongful acts grounded in the same alleged facts.

The persons and parties and the capacity of the parties to sue or be sued are likewise identical in the two actions. In the state action, Plaintiff filed a complaint against Marone and the United Steel Workers, the same Defendants as in the instant federal action, and they are being sued in the same capacity in this Court as in State Court. It is also clear from the record that the decision rendered by the

7

State Court is a final judgment on the merits; the State Court granted Defendants' Motion for Summary Judgment on all counts and dismissed Plaintiff's claims with prejudice. Document No. 12-2. This Court is satisfied that the instant factual situation presents an identity of parties, subject matter and cause of action as required by the doctrine of res judicata. Accordingly, this Court finds that Plaintiff's action is barred by the application of the principle of res judicata.

Defendants also argue that plaintiff's claims are barred by the principle of collateral estoppel. As the Court has determined that plaintiff's claims are barred by claim preclusion, the Court need not reach the issue of whether it is also barred by issue preclusion.

## V. CONCLUSION

For the reasons set forth in the foregoing analysis, the Court shall grant Defendant's Motion to Dismiss as to all claims. An appropriate order follows.

## ORDER

**AND NOW**, this 31st day of March 2008, in consideration of the Defendants' Motion to Dismiss and to Remand to State Court, (Document No. 8), and Defendants' Supplement to Motion to Dismiss and To Remand to State Court, (Document No. 12), and for the reasons set forth in the foregoing Memorandum Opinion, it is **HEREBY ORDERED** that Defendants' Motion is **GRANTED** and that Plaintiff's claims are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, (Document No. 19), is **DISMISSED** as moot.

**IT IS FURTHER ORDERED THAT** judgment is to be entered for Defendant against the Plaintiff and the Clerk of Court is to mark this matter closed.

BY THE COURT:

*Kim R. Gibson*

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**